IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN OWEN WALSH, JR., <br> AIS # 311111, <br>     Plaintiff, <br> v. <br> REOSHA BUTLER, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )   CASE NO. 2:20-CV-653-RAH <br> ) <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

On August 18, 2023, the Magistrate Judge recommended that summary judgment be entered in favor of the Defendants and this case be dismissed with prejudice. On August 31, 2023, Plaintiff John Owen Walsh, Jr., filed Objections (Doc. 51) to the Recommendation (Doc. 50) of the Magistrate Judge.

When a party objects to a magistrate judge's report and recommendation, the District Court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the District Court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not

object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

To the extent Walsh objects to the Magistrate Judge's conclusion that he failed to demonstrate a genuine dispute that the defendants acted with deliberate indifference to his health due to the conditions of confinement related to the COVID-19 pandemic, this Court has reviewed the Magistrate Judge's Recommendation and agrees with the findings and analysis.

Walsh's primary objection is that the Magistrate Judge, he says, failed to address all the claims. Walsh maintains that, in addition to the claims related to the transfer of COVID-positive inmates, neither the Defendants nor the Magistrate Judge discussed (1) the high temperatures in the dormitory and (2) gang violence.

There is no mention of gang violence in the Amended Complaint. Thus, Walsh's objection on the basis that the Magistrate Judge failed to address this claim is unavailing.

Buried within Walsh's claim that the Defendants were deliberately indifferent to his health due to the conditions of confinement during the COVID-19 pandemic, Walsh states that "the temperature in the day gets from 98 to 102 in the dorm" thereby "creating an incubator" for the spread of disease. (Doc. 5 at 9.) To the extent this isolated statement regarding temperature may be read as a standalone

claim, Walsh has failed to demonstrate the defendants acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Walsh also contends that, because he entered a jury demand, the dismissal of this case prior to trial is a violation of the Seventh Amendment right to a jury trial. In actions at law, such as a § 1983 action, "issues that are proper for the jury must be submitted to it 'to preserve the right to a jury's resolution of the ultimate dispute,' as guaranteed by the Seventh Amendment." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 718 (1999) (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 377 (1996)). In this case, the Magistrate Judge determined Walsh failed to establish a genuine dispute of material fact as to an Eighth Amendment deliberate indifference claim. This Court has reviewed the Magistrate Judge's Recommendation and agrees with the findings and analysis. The jury demand has no bearing on whether summary judgment is appropriate in this case.

Upon this Court's independent review of the record and consideration of the the Objections and Recommendation, it is ORDERED as follows:

1. The Objections (Doc. 51) are OVERRULED.

2. The Recommendation (Doc. 50) is ADOPTED.

3. The Motions for Summary Judgment (Docs. 27, 29) are GRANTED.

4. This case is DISMISSED with prejudice.

DONE, on this the 25th day of September 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE